UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JESSICA DRISCOLL,                           Case No. 24-CV-0526 (PJS/DLM)

          Plaintiff,

v.                                                                    ORDER

COMMUNITY LOAN SERVICING LLC,

          Defendant.

Matthew P. Forsberg, FIELDS LAW FIRM, for plaintiff.

Jonathan Blackmore and Brendan I. Herbert, POLSINELLI PC; Richard A. Glassman, GLASSMAN LAW FIRM, for defendant.

Plaintiff Jessica Driscoll brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against defendant Community Loan Servicing LLC ("CLS").[1]  This matter is before the Court on CLS's motion to dismiss.  For the reasons that follow, CLS's motion is granted.

I.  BACKGROUND

Driscoll obtained a mortgage on her home in 2017.  Compl. ¶ 11.  Dovenmuehle Mortgage, Inc. ("Dovenmuehle") later acquired the mortgage.  Compl. ¶ 12.  In November 2019, Driscoll filed for Chapter 13 bankruptcy.  Compl. ¶ 13.  About six

---

[1] Driscoll originally sued four other defendants; she later settled her claims against all defendants except CLS.

months later, in April 2020, CLS acquired the mortgage from Dovenmuehle.[2]  Compl. ¶ 14.  In November 2021, Driscoll's Chapter 13 payment plan was confirmed.  Compl. ¶ 15.  About a year later, in November 2022, CLS transferred the mortgage to Nationstar Mortgage LLC.  Compl. ¶ 16.  A month later, in December 2022, Driscoll was discharged from her Chapter 13 bankruptcy, and the bankruptcy proceeding was terminated in March 2023.  Compl. ¶¶ 17, 20.

Because a Chapter 13 discharge does not apply to home-mortgage debt, Driscoll's mortgage remained outstanding after her discharge.  Compl. ¶¶ 17–18.  Throughout the bankruptcy proceeding and afterwards, Driscoll made timely and regular payments on her mortgage.  Compl. ¶¶ 21–22.

In September 2023, after her bankruptcy proceeding had terminated, Driscoll obtained a credit report that included information that had been reported to Experian Information Solutions, Inc. ("Experian").  Compl. ¶ 23.  As relevant to CLS's motion, Driscoll alleges that Experian inaccurately reported the CLS mortgage account because Experian's reporting contained references to Driscoll's bankruptcy and had a derogatory mark.  Compl. ¶ 26.  In October 2023, Driscoll sent a dispute letter to Experian asking it to investigate and correct the reporting of the CLS account.  Compl. ¶¶ 30–31 & Ex. F.  Experian did not respond.  Compl. ¶ 42.

---

[2]During the time relevant to this action, CLS was known as Bayview Loan Servicing, LLC.  Compl. ¶ 14.

In December 2023, Driscoll obtained an updated copy of her credit report and noticed that, within the Experian section, the CLS tradeline[3] was missing. Compl. ¶ 43. Driscoll filed this action shortly thereafter.

## II.  ANALYSIS

### A. Standard of Review

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Perez v. Does 1–10*, 931 F.3d 641, 646 (8th Cir. 2019). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.

### B. 15 U.S.C. § 1681s-2(b)

Driscoll alleges that CLS violated 15 U.S.C. § 1681s-2(b), which applies to furnishers—that is, persons or entities such as CLS who furnish information about consumers to consumer reporting agencies ("CRAs"). If a consumer believes that

---

[3] "A tradeline is information about a consumer account that is sent, generally on a regular basis, to a consumer reporting agency." Consumer Financial Protection Bureau, *Market Snapshot: Third-Party Debt Collections Tradeline Reporting* (July 18, 2019), https://www.consumerfinance.gov/data-research/research-reports/market-snapshot-third-party-debt-collections-tradeline-reporting/.

information in her credit report is inaccurate or incomplete, she may send a dispute to the CRA. 15 U.S.C. § 1681i(a)(1)(A). On receiving a dispute, the CRA must, among other things, notify the furnisher of the disputed information. *Id.* § 1681i(a)(2). The furnisher must then conduct a reasonable investigation. *Id.* § 1681s-2(b); *Anderson v. EMC Mortg. Corp.*, 631 F.3d 905, 907 (8th Cir. 2011) (noting that "the duties of . . . a furnisher of credit information under 15 U.S.C. § 1681s–2(b) are triggered by notice that its information is being disputed from a CRA"); *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1302 (11th Cir. 2016) (holding that investigations required by § 1681s-2(b) must be reasonable); *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004) (same).

Following the investigation, if the furnisher finds that the disputed information is inaccurate, incomplete, or unverifiable, the furnisher must, "for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly (i) modify that item of information; (ii) delete that item of information; or (iii) permanently block the reporting of that item of information." *Id.* § 1681s-2(b)(1)(E).

As noted, following Driscoll's dispute, the CLS tradeline disappeared from her Experian report. Driscoll argues that the deletion of the tradeline shows that CLS failed

to conduct a reasonable investigation under § 1681s-2(b).[4]  But deleting an item of information in response to notification of a dispute is expressly allowed under § 1681s-2(b).  *Cf. Davenport v. Capio Partners LLC*, No. 1:20-CV-01700, 2021 WL 1666977, at *8 (M.D. Pa. Apr. 28, 2021) (rejecting an FCRA claim against a furnisher because "tradeline deletion is one of the three expressly authorized courses of action that a furnisher must take upon discovering inaccurate or incomplete information following a dispute").  Driscoll argues that any deletion under § 1681s-2(b) must be "appropriate," *see* § 1681s-2(b)(1)(E), but the FCRA authorizes deletion as an option *both* for inaccurate information *and* for information that cannot be verified.  *See* 15 U.S.C. § 1681i(d) (imposing certain duties on CRAs "[f]ollowing any deletion of information which is found to be inaccurate or whose accuracy can no longer be verified or any notation as to disputed information").

Driscoll's argument that CLS was required to modify rather than delete the inaccurate information amounts to imposing an affirmative duty on creditors to report information to CRAs.  The FCRA does not, however, "impose upon information furnishers any affirmative duty to report consumer information to CRAs."  *In re Ditech*

---

[4]To the extent that Driscoll claims that CLS may be held liable for anything it did or failed to do before she submitted a dispute to Experian in October 2023, she fails to state a claim.  *See Anderson*, 631 F.3d at 907 (plaintiff failed to state a claim against a furnisher under § 1681s-2(b) because his complaint "failed to allege a triggering CRA notice").

*Holding Corp.*, No. 19-10412 (JLG), 2024 WL 313300, at *10 (Bankr. S.D.N.Y. Jan. 26, 2024).

Driscoll cites a couple of cases that have found the deletion of information to be potentially unreasonable, but both of those cases were against CRAs, not furnishers, and both relied on language in § 1681e(b) requiring CRAs to "follow reasonable procedures to assure maximum possible accuracy" in credit reports. *See Hart v. Equifax Info. Servs., LLC*, No. 4:19-CV-712-A, 2020 WL 1434540, at *3–4 (N.D. Tex. Mar. 23, 2020) (discussing § 1681e(b)); *Wharram v. Credit Servs. Inc.*, No. 02-CV-4853 (MJD/JGL), 2004 WL 1052970, at *2 (D. Minn. Mar. 12, 2004) (same). That provision does not apply to furnishers such as CLS. *See Davenport*, 2021 WL 1666977, at *9 (distinguishing *Wharram* because it involved the duties imposed on CRAs under § 1681e(b), which was not applicable to the defendant furnisher). Moreover, many courts—including this Court—have held that CRAs have no duty to include a particular tradeline on a credit report. *See Desautel v. Experian Info. Sol., LLC*, No. 19-CV-2836 (PJS/LIB), 2020 WL 2215736, at *3 (D. Minn. May 7, 2020) ("As a general matter, a CRA has no obligation to include a tradeline on a credit report. Put differently, a credit report is not 'inaccurate' or 'materially misleading' simply because it does not mention a particular tradeline."); *Krosch v. Equifax Info. Servs., LLC*, No. 19-CV-2784 (NEB/KMM), 2020 WL 3036600, at *3 (D. Minn. June 5, 2020) ("In 1990, and again in 2011, the FTC commented that CRAs 'are

not required to include all existing derogatory or favorable information about a consumer in their reports.'" (citation omitted)); *Coyle v. Experian Info. Sols., Inc.*, No. 3:19-CV-02645-M, 2020 WL 3052228, at *2 (N.D. Tex. June 7, 2020) ("A number of trial courts, including one in this district, have held that a consumer reporting agency is not required to include a particular account in a credit report.").

Even if the FCRA could be interpreted to impose an affirmative duty on a furnisher to report a tradeline, CLS's deletion of its tradeline was reasonable under the circumstances of this case. At the time that CLS deleted the information, CLS no longer held Driscoll's mortgage. At oral argument, Driscoll admitted that the CLS information in the Experian report was accurate as of June 2020, when CLS first reported it. But she contends that later events rendered the information inaccurate and that CLS had a continuing duty to monitor the status of her mortgage—even after CLS no longer held that mortgage—in order to report it accurately. If that is true, however, then it was reasonable for CLS to stop reporting on the mortgage altogether so that CLS did not have to continue to monitor and report on the status of a loan that it no longer held.

For these reasons, the Court grants CLS's motion to dismiss.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The motion of defendant Community Loan Servicing LLC to dismiss plaintiff's complaint [ECF No. 48] is GRANTED.

2. Plaintiff's complaint [ECF No. 1] is DISMISSED WITH PREJUDICE AND ON THE MERITS as to defendant Community Loan Servicing LLC.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 28, 2025

 s/Patrick J. Schiltz
Patrick J. Schiltz, Chief Judge
United States District Court