UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JESSICA DRISCOLL | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No.: 0:24-cv-00526 |
| EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, DOVENMUEHLE MORTGAGE, INC., and COMMUNITY LOAN SERVICING, LLC. | ) ) ) ) |
| Defendants. | ) |

### DEFENDANTS' RULE 11 MOTION FOR SANCTIONS AGAINST FIELDS LAW AND JESSICA DRISCOLL

Defendant Community Loan Servicing, LLC (**CLS**) submits their motion for sanctions pursuant to Fed. R. Civ. P. 11 of the Federal Rules of Civil Procedure against Plaintiff Jessica Driscoll and her counsel, Fields Law.

**PRELIMINARY STATEMENT**

Plaintiff and her counsel – who has created a cottage industry in manufacturing claims alleging violations under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. to extort a quick settlement from furnishers of credit – have brought a wholly meritless action against CLS that is unsupported by fact or law. She alleges that CLS should have retroactively changed its credit reporting of her mortgage loan which was indisputably accurate when CLS reported it to the credit reporting agencies, well after CLS stopped servicing her residential mortgage loan.

When Plaintiff and Fields Law filed this lawsuit, they were well-aware of their meritless claims. In fact, the exhibits appended to the pleading make clear that CLS' credit reporting was

accurate at all times prior to the date on which it transferred the loan to another servicer and stopped credit reporting the mortgage account. CLS committed no statutory violation and this lawsuit has been meritless from inception. This militates sanctions against Ms. Driscoll and Fields Law pursuant to Fed. R. Civ. P. 11.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

The facts pertinent to this motion, as generally asserted by Plaintiff in the Complaint, and as contained in public records and documents incorporated by reference and/or relied upon by Plaintiff in framing the Complaint, are as follows:

### I.     Plaintiff's Mortgage and Subsequent Bankruptcy.

In August 2017, Plaintiff secured a first mortgage on the property located at 6831 10th St. N., St. Paul, MN 55128 (the "Property"). *See* ECF Doc. No. 1 at p. 5, ¶ 11. On November 25, 2019, Plaintiff filed for bankruptcy. *See* ECF Doc. No. 1 at p. 5, ¶ 13. The bankruptcy plan was confirmed on April 9, 2021. *See* ECF Doc. No. 1 at p. 5, ¶ 15.

In April of 2020, the servicing of the Loan transferred to CLS and the Loan was assigned loan number 628000282xxxx. *See* ECF Doc. No. 1 at p. 5, ¶ 14. Plaintiff contends that, "in or around November 2022" CLS stopped servicing the Loan and servicing transferred to another entity. *See* ECF Doc. No. 1 at p. 5, ¶ 16. On December 21, 2022, **after** CLS stopped servicing the Loan, Plaintiff was discharged from bankruptcy. *See* ECF Doc. No. 1 at p. 6, ¶ 17. Plaintiff's bankruptcy was terminated on or around March 9, 2023, months after CLS stopped servicing the Loan. *See* ECF Doc. No. 1 at p. 6, ¶ 20.

In or around September 2023, Plaintiff obtained her credit report. *See* ECF Doc. No. 1 at p. 6, ¶ 123. At that time, her credit report listed the CLS tradelines with Transunion and Experian for the Loan with a notation that the last activity dates of June 1, 2022 and June 5, 2020, respectively. *See* ECF Doc. No. 1, Exhibit D. In October 2023, Plaintiff contends she sent a dispute

to the credit reporting agencies contesting the credit reporting and, in effect, requested that CLS investigate and correct its credit reporting of her Loan. *See* ECF Doc. No. 1 at p. 9, ¶ 30. In her letter, Plaintiff stated that:

> Community Loan Servicing has failed to update the tradeline with the correct information that indicates that this secured debt is no longer part of my bankruptcy. Instead Community Loan Servicing has failed to update the tradeline with the correct information that indicated that this secured debt is no longer part of my bankruptcy. Instead, Community Loan Servicing is furnishing that the mortgage was discharged in my chapter 13 bankruptcy, which is wrong. Furthermore, you are reporting this account as derogatory, as being in a wage earner plan and you are continuing to report references to my Chapter 13 Bankruptcy, which is inaccurate and any and all references to my chapter 13 bankruptcy should have been removed when I was discharged on December 21, 2022.

*See* ECF Doc. No. 1, Exhibit F. In response to the dispute, CLS deleted the tradelines and ceased reporting at all to any credit reporting agency. Plaintiff then filed the Complaint in this lawsuit, alleging, among other things, that CLS violated the FCRA by failing to conduct a reasonable investigation into the allegations following Plaintiff's dispute. *See* ECF Doc. No. 1 at p. 22, ¶ 108.

On May 15, 2024, CLS served Fields Law with a 21-day safe harbor letter with a copy of the instant motion and a demand that Plaintiff dismiss this case within 21 days. A copy of the letter is attached as Exhibit A. Regrettably, Plaintiff declined to dismiss this action within the safe harbor letter and, therefore, CLS has filed the instant motion seeking to recovery its attorney's fees it has incurred in defending this frivolous claim.

## ARGUMENT

### Plaintiff's Complaint Was Frivolous from Inception and both Plaintiff and Fields Law Knew or Should Have Known.

Plaintiff's complaint of historical reporting of the Loan, which was accurate at the time it was rendered, is completely unsupported by the law. From inception of this lawsuit, Plaintiff and her counsel admitted that CLS only reported the loan through June 2022, when servicing transferred to another entity. Plaintiff and Fields Law also knew that CLS transferred the Loan

after Plaintiff's bankruptcy was dismissed and never reported to any credit reporting agency after that that dismissal.

Because of the foregoing, Plaintiff and Fields Law knew full well that the facts here could have never sustained a plausible claim that CLS violated the FCRA. This is because CLS (1) accurately reported the Loan while it was servicing the Loan, (2) stopped reporting of any kind after service of the Loan transferred, (3) had no affirmative obligation to retroactively amend the historical reporting, and (4) responded to Plaintiff's written request and deleted the tradeline.

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure, attorneys certify that pleadings, motions, and papers are not being presented for improper purposes and that the claims and legal assertions contained therein are warranted by existing law. Fed. R. Civ. P. 11(b). Sanctions may be imposed if the Court determines that Rule 11(b) has been violated. Fed. R. Civ. P. 11(c).

Rule 11 sanctions may be warranted if a claim "did not have any basis in fact, if the party failed to present any facts supporting the claim, or if the claim was based on immaterial factual allegations." *Franklin v. Pinnacle Ent., Inc.*, 289 F.R.D. 278, 285 (E.D. Mo. 2012) (citing *MHC Investment Co. v. Racom Corp.*, 323 F.3d 620, 625 (8th Cir. 2003). The Eighth Circuit has declared that the question is whether a "reasonable and competent attorney would believe in the merit of an argument." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003) (citation omitted).

Importantly for purposes of this motion, Courts throughout the Country routinely reject and dismiss claims which suggest that historically accurate credit reporting – meaning accurate when it was reported – does not need to be retroactively changed. For example:

Courts overwhelmingly reject claims with similar theories advances by Plaintiff and her law firm here. *See Thomas v. Equifax Information Servs.*, No. 3:19-cv-00286, 2020 WL 1987949, *6 (S.D. Ohio 2020) (reviewing a report in its entirety, concluding no reasonable person could be

misled into believing that plaintiff has any ongoing monthly obligation on an account with a $0 balance); *Fernandez v. Great Lakes Educ. Loan Servs., Inc.*, No. CV 19-144, 2021 WL 3857864, at *6 (E.D. Pa. Aug. 30, 2021) ("district courts both in this Circuit and throughout the country have routinely granted defendants' dispositive motions on plaintiffs' § 1681s-2(b) claims that the reporting of terms of a closed account with zero balance, yet with the pay status listed as past due is not 'patently incorrect' or 'misleading.'").

"A credit report is inaccurate if the information in the report is factually incorrect or 'misleading in such a way and to such an extent that [it] can be expected to have an adverse effect.'" *Walker v. Great Lakes Educ. Loan Servs., Inc.*, No. 21-cv-14976 (SDW) (ESK), 2022 WL 2713889, at *4 (D.N.J. July 12, 2022) (alteration in original) (quoting *Seaman v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014)). A court views the information on a consumer's credit report "through the lens of a person in a position to make an adverse decision based on a credit report, *i.e.*, a creditor." *Id.* at *3 (quoting *Bibbs v. Trans Union LLC,* 521 F. Supp. 3d 569, 574 (E.D. Pa. 2021), *aff'd,* 43 F.4th 331 (3d Cir. 2022)). "In other words, it does not matter whether the report is inaccurate or misleading in the *consumer's* opinion." *Id.* at *4 (emphasis in original) (quoting *Holland v. Trans Union, LLC,* No. 21-cv-152, 2021 WL 5804375, *4 (E.D. Pa. Dec. 7, 2021)). Critically, the FCRA does not require CRAs to resolve "collateral attacks on the legal validity of … underlying debts." *Scalercio-Isenberg v. TransUnion, LLC,* No. 20-cv-11222 (SDW) (AME), 2022 WL 2666947, at *3 (D.N.J. July 11, 2022).

There is zero dispute that CLS only reported on Plaintiff's Loan to TransUnion until June 2022, to Experian until June 2020, and never to Equifax. In fact, the relevant credit report that Plaintiff highlights from September 2023 confirms that CLS never reported her Loan beyond June 2022 to any credit reporting agency, that the account was closed, and that the account was not disputed. *See* ECF Doc. No. 1 Exhibit D.  Plaintiff's Complaint never contends  that she was not

still in an active bankruptcy when CLS was reporting the Loan and, in fact, well after CLS transferred the Loan to another servicer and stopped reporting the Loan altogether. Because of this, she cannot plausibly pursue a FCRA claim and knew or should have known that she and her counsel have no viable cause of action for FCRA violations against CLS.

Further, Plaintiff and her counsel concede CLS deleted the relevant tradeline for the Loan in response to her dispute. *See* ECF Doc. No. 1 at p. 12, ¶ 44 & Exhibit I. This is dispositive of her misguided argument that CLS failed to investigate and respond properly to her dispute because, while a furnisher must investigate credit information after receiving a consumer's dispute pursuant to 15 U.S.C. § 1681i(a)(2), if the disputed information is "inaccurate or incomplete," the furnisher must "promptly" modify, delete, or "permanently block the reporting of" that information. See id. § 1681s-2(b)(1)(E)(i)-(iii). Even if CLS reported Plaintiff's Loan inaccurately – which it did not – it deleted the tradeline which was one of the proper responses specifically provided by the FCRA.

## CONCLUSION

Plaintiff and her counsel, Fields Law, knew or should have known that this lawsuit would fail factually and legally from inception. This lawsuit was filed in bad faith and, therefore, CLS requests that the Court award it its attorney's fees and costs pursuant to Fed. R. Civ. P. 11.

                                Respectfully submitted,

Dated:                         */s/Brendan Herbert*

                                Brendan Herbert (Admitted *Pro Hac Vice*)

                                Florida Bar #76925
                                **POLSINELLI PC**
                                315 S. Biscayne Blvd.
                                Miami, FL  33131
                                Telephone: (305) 921-1800
                                Facsimile: (305) 921-1801
                                bherbert@polsinelli.com

                                and

                                **GLASSMAN LAW FIRM**

                                Richard A. Glassman, MN#146274

                                222 S. Ninth Street, Suite 1600

                                Minneapolis, Minnesota 55402

                                Telephone: (612) 337-9559

                                Email: rglassman@rglassmanlaw.com

                                **Attorneys for Defendant, Community Loan Servicing, LLC**