UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JESSICA DRISCOLL, | Case No. 24-CV-0526 (PJS/DLM) |
| Plaintiff, | |
| v. | ORDER |
| COMMUNITY LOAN SERVICING LLC, | |
| Defendant. | |

Matthew P. Forsberg, FIELDS LAW FIRM, for plaintiff.

Brendan I. Herbert, POLSINELLI PC; Richard A. Glassman, GLASSMAN LAW FIRM, for defendant.

Plaintiff Jessica Driscoll brought this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., against defendant Community Loan Servicing LLC ("CLS").  The Court recently granted CLS's motion to dismiss Driscoll's complaint.  ECF No. 94.  This matter is before the Court on CLS's motion for sanctions pursuant to Fed. R. Civ. P. 11.  The motion is denied.

Under Rule 11(b), an attorney's presentation of a "pleading, written motion, or other paper" certifies that the material "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing

existing law or for establishing new law." "Rule 11 requires that an attorney conduct a reasonable inquiry of the factual and legal basis for a claim before filing." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003). In determining whether a violation has occurred, a court "must determine whether a reasonable and competent attorney would believe in the merit of an argument." *Id.* (citation and quotation marks omitted). Upon finding a violation, a court may, if "warranted for effective deterrence," order the offender to pay the movant "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4).

This case concerned information that CLS had reported to Experian Information Solutions, Inc. ("Experian") about the status of Driscoll's mortgage. CLS argues that Driscoll's FCRA claim was frivolous because the information was accurate at the time that CLS reported it to Experian, CLS had no duty to modify the information in response to Driscoll's dispute, and even if CLS had such a duty, CLS satisfied the requirements of the FCRA by deleting the tradeline. The Court disagrees.

There is little to no appellate authority addressing any of these issues, much less any controlling Eighth Circuit authority. Driscoll had a nonfrivolous basis to argue that the CLS information on her Experian report was misleading as of the time she submitted her dispute and consequently that CLS had an obligation under 15 U.S.C. § 1681s-2(b) to correct it. She also had a nonfrivolous basis to argue that CLS's decision

to delete the tradeline was not "appropriate." *See* 15 U.S.C. § 1681s-2(b)(a)(E) (when furnishers find information to be inaccurate, incomplete, or unverifiable, they may modify, delete, or permanently block the information "as appropriate"). CLS's motion for Rule 11 sanctions is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the motion of defendant Community Loan Servicing LLC for sanctions pursuant to Fed. R. Civ. P. 11 [ECF No. 95] is DENIED.

Dated:  January 30, 2025                              s/Patrick J. Schiltz
                                                      Patrick J. Schiltz, Chief Judge
                                                      United States District Court

CASE 0:24-cv-00526-PJS-DLM   Doc. 99   Filed 01/30/25   Page 4 of 4